UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                           Case No. 19-CR-224

BRIAN WHITTON,

        Defendant.

## UNITED STATES' MOTION *IN LIMINE* REGARDING BUSINESS RECORDS

The United States of America, by and through its attorneys, Matthew D. Krueger, United States Attorney, and Kelly B. Watzka and Timothy W. Funnell, Assistant United States Attorneys, hereby moves *in limine* for an order allowing the introduction of FRE 902(11) certifications and the underlying business records referenced therein (Exhibits 40 through 82).

### I. Background

On January 31, 2020, the United States filed a "Summary of Expert Testimony," and associated expert reports and curriculum vitae, which identified ATF Forensic Auditor Kristin Fanta as a testifying expert witness in this matter. R. 22, Exh. 1. As the Court may recall, Ms. Fanta conducted a forensic audit of financial records relating to the defendant and his business, "The Stage Off Main." The records reviewed by Ms. Fanta are voluminous and include bank and credit card statements, tax records, vendor and creditor records, credit reports, titles, and other data. Most of the records reviewed by Ms. Fanta were obtained via grand jury subpoena. The records, along with accompanying FRE 902(11) certifications, were produced by the United States in discovery. Ms. Fanta relied upon these records to form the opinions expressed in her expert

1

report. The defendant has made clear through communications with undersigned counsel and in his motion *in limine* that he intends to challenge Ms. Fanta's experience, credibility, and conclusions at trial.

During the February 6, 2020, final pretrial conference, the Court granted the United States' motion in *limine* allowing the United States to introduce testimony regarding Mr. Whitton's financial status as evidence of his motive to commit arson and mail fraud. R. 23.

Prior to filing the joint final pretrial report, the United States proposed a number of stipulations to the defendant, including a stipulation that the business records analyzed by Ms. Fanta be collectively admitted as a single exhibit consisting of a disc containing folders for each FRE 902(11) certification and underlying set of records. The United States explained its view that these records were admissible pursuant to FRE 902(11) without the need to call a records custodian. The United States further explained that the stipulation was intended to streamline the trial by simplifying the manner in which the business records would be introduced and to avoid needlessly producing thousands of pages of paper exhibits. The defendant declined to enter into this stipulation without articulating a specific objection to the admissibility of the business records.

Because the basis for the defendant's objection was not clear, the United States proposed a slightly different method of introducing the business records exhibits on February 15, 2020. Specifically, the United States proposed admitting each 902(11) certification and set of business records as individual exhibits loaded into separate exhibit folders on a single disc collectively labelled "Exhibits 40-82."[1] The United States again explained its view that the records are non-hearsay, self-authenticating, and admissible under FRE 803(6) and FRE 902(11) without the need

---

[1] The United States previously indicated to the defendant that it anticipated the business records to consist of exhibits 40-90. Since that time, the United States has streamlined the number of business records it will present and will update its exhibit list to reflect that change.

2

to call a records custodian. Later that day, the defendant rejected that proposal, noting that he would not agree "to any shortcuts." Again, the defendant did not offer any rules-based explanation for his objection.

To assist the Court's consideration of this motion, the United States will separately provide the Court and the defendant with a disc including the proposed business records exhibits.

## II. Relevant case law

The applicable legal principles are well established and straightforward. The starting point for assessing the United States' motion is FRE 803(6), an exception to the hearsay rule that provides:

> Records of Regularly Conducted Activity. A record or an act, event, condition, opinion or diagnosis [is not inadmissible hearsay] if: (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony or another qualified witness, or by a certification that complies with Rule 902(11) . . . ; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

As noted above, the foundation for admissibility of a business record may be established by a certification executed pursuant to FRE 902(11) in lieu of live testimony. The Seventh Circuit has long upheld the introduction of business records through FRE 902(11) certifications. *United States v. Keplinger*, 776 F.2d 678, 692 (7th Cir. 1985).

District courts have broad discretion in determining the applicability of the business records rule. *Coates v. Johnson & Johnson,* 756 F.2d 524 (7th Cir.1985). Courts have recognized that records kept in the ordinary course of business tend to be inherently reliable. *See Fleming Companies, Inc. v. Krist Oil Co.*, 324 F. Supp. 2d 933, 941–42 (W.D. Wis. 2004) (an inference of accuracy and reliability can be drawn from the fact that records are regularly maintained and the

3

company maintaining them relies on them in conducting its business); *United States v. Marrinson*, 1986 WL 2123, at *1 (N.D. Ill. Feb. 3, 1986) ("Both the routine nature of the record-keeping and the necessity for accuracy to promote the efficient function of a 'business' entity help to ensure the reliability of these documents."). To the extent that the defendant opposes introduction of these certifications and business records, it is his burden to establish that they are untrustworthy. *Jordan v. Binns,* 712 F.3d 1123, 1136 (7th Cir. 2013).

The phrase "other qualified witness" in FRE 803(6) is to be given "the broadest possible interpretation" - the witness need only be someone who "understands the system." 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 803(6)[02] at 803–178; *See also United States v. Wables,* 731 F.2d 440, 449 (7th Cir.1984) (witness must only have general knowledge of procedures under which records created). Rule 803(6) does not require that the qualified witness be the person who originally prepared the record, *see United States v. Moore,* 923 F.2d 910, 915 (1st Cir.1991), or that the witness have personal knowledge of the entries in the records, *see United States v. Lawrence,* 934 F.2d 868, 870 (7th Cir.1991).

Data that is unquestionably a business record does not lose that character by being transmitted to another entity. *See United States v. Jakobetz,* 955 F.2d 786, 801 (2d Cir. 1992) ("Even if the document is originally created by another entity, its creator need not testify when the document has been incorporated into the business records of the testifying entity."); *Air Land Forwarders, Inc., v. United States,* 172 F.3d 1338, 1342-44 (Fed. Cir. 1999). Even if exhibits have been compiled solely at the request of the United States for use in an investigation that would have no impact on their status as business records. *See United States v. Fujii,* 301 F.3d 535, 539 (7th Cir.2002) (requested printouts of airline reservation and check-in records did not lose their status as business records because they were requested by the INS).

4

Business records that satisfy the requirements of Rules 803(6) and 902(11) are properly admitted provided they are relevant. Evidence is relevant if it has "any tendency" to make any fact of consequence more or less probable. FRE 401; *see also Old Chief v. United States,* 519 U.S. 172, 178-79 (1997) (a fact of consequence need not be the ultimate fact or in dispute). This is a "low threshold." *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012). As the Seventh Circuit has explained, "[t]he Federal Rules of Evidence do not limit the government to the 'most' probative evidence; all relevant evidence is admissible and the Rules define relevance broadly." *Id.* (quoting *United States v. McKibbins*, 656 F.3d 707, 711 (7th Cir.2011)). Finally, the fact that the parties might have differing views of or alternative explanations for exhibits does not impact the relevance determination under FRE 401. Such challenges go to weight, not admissibility. *See Old Chief*, 519 U.S. at 179.

**III. Analysis**

.   Each set of proffered business records is accompanied by a certification that complies with the requirements of FRE 902(11). The certifications explicitly address the criteria for FRE 803(6). Both the 902(11) certifications and business records have been made available to the defendant in discovery. Finally, the United States gave the defendant reasonable notice of its intent to introduce the business records pursuant to FRE 902(11), having raised the issue several weeks prior to trial.

The defendant has not offered any explanation or authority supporting his opposition to the introduction of these business records. There has been no challenge to their trustworthiness. To the extent such a concern exists, the defendant will have an opportunity to argue to the jury about the appropriate weight to be given these records. *See United States v. Brown*, 822 F.3d 966, 973 (7th Cir. 2016); *Keplinger*, 776 F.2d at 694 (objections that an exhibit may contain inaccuracies, ambiguities or omissions goes to the weight and not the admissibility of the evidence.).

5

As to the business records' relevance, the Court has already granted the United States' motion in *limine* to allow introduction of evidence relating to the defendant's financial status. R. 23. Exhibits documenting the assets and liabilities of the defendant and his business at the time of the fire, all of which provided a foundation for Ms. Fanta's expert opinions, are relevant. The business records exhibits, coupled with Ms. Fanta's expert analysis, strongly suggest that the defendant was experiencing financial difficulty at the time of the fire. Accordingly, they tend to make a fact of consequence (i.e. whether the defendant had a motive to commit arson and mail fraud) more likely and are therefore relevant.

FRE 703 permits an expert to testify about opinions based upon evidence not presented to the jury, including evidence that is not otherwise admissible. For this reason, the United States is not required to introduce the business records in order for Ms. Fanta to offer her opinions. However, because the defendant has indicated that Ms. Fanta's credibility will be vigorously challenged, the United States seeks to introduce some of the records upon which she relied in order to demonstrate to the jury that she conducted a thorough analysis. Additionally, to combat any suggestion that Ms. Fanta tailored her opinions to "fit" the arson theory being investigated by law enforcement agents, the business records demonstrate that Ms. Fanta reviewed voluminous, independently created records before reaching any conclusions. In the interest of judicial economy, the United States does not intend to have Ms. Fanta testify at length about the contents of the records – but it will ask Ms. Fanta to identify and briefly describe the records she obtained and reviewed in order to form her opinions.

Finally, the defendant's statement that he will not agree "to any shortcuts" falls far short of establishing a legitimate basis for opposing admission of the business records.

6

## IV. Conclusion

The United States has established both the relevance and authenticity of the business records that it intends to introduce, as well as their admissibility under Rule 803(6) through certifications that comply with Rule 902(11). The defendant has had ample opportunity to review the records, which are in discovery, and was notified many weeks ago of the United States' intent to introduce them. Thus far, the defendant has failed to identify any rules-based basis for his objection to their admission and his "no shortcuts" approach is an insufficient reason to reject the United States' attempt to streamline its presentation of evidence and avoid producing unnecessarily voluminous paper copies.

Based on this record, the United States respectfully requests that the Court grant the United States' motion *in limine* allowing the admission and introduction of electronic copies of the 902(11) certifications and business records in the manner it has proposed.

Respectfully submitted at Milwaukee, Wisconsin this 18th day of February, 2020.

MATTHEW D. KRUEGER
United States Attorney

By:

s/Kelly B. Watzka
KELLY B. WATZKA
Deputy Criminal Chief
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
Kelly.Watzka@usdoj.gov
Wis. Bar No. 1023186

s/Timothy W. Funnell
TIMOTHY W. FUNNELL

Assistant U.S. Attorney
Office of the United States Attorney
Eastern District of Wisconsin
205 Doty Street, Suite 301
Green Bay, Wisconsin 54301
Telephone: 920.884.1066
Fax: 920.884.2997
Tim.Funnell@usdoj.gov
Wis. Bar No. 1022716
Fax: (414) 297-1738