UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
                Plaintiff,

v.                               Case No. 2:19-cr-00224

BRIAN WHITTON,
                Defendant.

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING BUSINESS RECORDS

Defendant Brian Whitton, through undersigned counsel, respectfully enters his response to the Government's Motion in Limine Regarding Business Records (Doc. 25).

### ONE-THIRD OF THE GOVERNMENT'S PROFFERED BUSINESS RECORDS FAIL BASIC REQUIREMENTS OF FREs 1003, 902(11), & 803(6)

One of the Government's primary witnesses, Forensic Auditor Fanta, is being offered to provide speculative testimony about Mr. Whitton's potential motive for committing an arson for financial gain. The defense will not stipulate to the business records obtained by the Government *nearly three years ago* by grand jury subpoena – as at least thirteen of the forty-two certification documents accompanying the business records are facially invalid. The defects to the certifications are glaring and must have been realized by the Government who have decided – rather than fix the defects – to claim the defense's refusal to provide a blanket stipulation to their use at trial is somehow unreasonable and unjustified.

The defense finds it is remarkable that the Government is pursuing a False Statement charge against Mr. Whitton while simultaneously offering multiple inaccurate, and evidently falsely sworn certifications, in its own case-in-chief.

The defense offers the following table of the facially invalid certifications offered by the Government with a description of each certification's defect(s):

| Ex 41 | Associated Bank | The certifying employee does not state a job duty that would provide a basis for familiarity with the business's recording of regularly conducted activity.<br><br>Further, the employee certifies 68 pages of records wherein the Government's exhibit is 147 pages. |
|---|---|---|
| 45 | Great Midwest Bank | The employee certifies 182 pages of records wherein the Government's exhibit is 149 pages. |
| 46 | Merrick Bank | The employee certifies 97 pages of records wherein the Government's exhibit is 133 pages. |
| 50 | Beechwood Distributors | The employee certifies 14 pages of records wherein the Government's exhibit is 21 pages. |
| 53 | Beer Capitol Distributing | The employee certifies 52 pages of records wherein the Government's exhibit is 47 pages. |
| 56 | FBCS (Contractor for Midland Credit Management) | The certifying employee lists his job as "SR. Correspondence Clerk" but does not state job duties that would provide a basis for familiarity with the business's recording of regularly conducted activity. |
| 61 | Healthcare Receivable Group | The certifying employee leaves blank the form's space that expressly calls for the employee's certification of a number of pages. |
| 68 | Eagle Disposal | The employee certifies 5 pages of records wherein the Government's exhibit is 10 pages. |
| 72 | EWA Small Business Accounting | The certifying employee leaves blank the form's space that expressly calls for the employee's certification of a number of pages. |

| 74 | Philleo Agency | The employee certifies 230 pages of records wherein the Government's exhibit is 220 pages. |
| 75 | AT&MT LLC | The employee certifies 48 pages of records wherein the Government's exhibit is 93 pages. |
| 77 | Nashville Electric Services | The certifying employee leaves blank the form's space that expressly calls for the employee's certification of a number of pages. |
| 82 | Wells Fargo | The employee certifies 95 pages of records wherein the Government's exhibit is 92 pages. |

**THE ABOVE EXHIBITS ARE INADMISSIBLE PER FRE 1003**

The proposed exhibits are duplicates of original documents regularly kept by the certifying business and therefore they must satisfy Rule 1003 of the Federal Rules of Evidence. The rule provides that "(a) duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." FRE 1003. The Notes of Advisory Committee on Proposed Rules then states, "When the only concern is with getting the words or other contents before the court <u>with **accuracy and precision**</u>, <u>then a counterpart serves equally as well as the original, if the counterpart is the product of a method which insures accuracy and genuineness.</u> (Emphasis added).

Here, the certifications for the proposed exhibits are both facially inaccurate and imprecise and therefore the documents they purport to certify cannot be seen as accurate or precise as required by FRE 1003. There is no rehabilitating the sloppiness of the certifications as they relate to each of the thirteen exhibits. Where the content of a writing is used as probative evidence, the Court has a responsibility that the writing's content is

correct. Therefore, even before considering Rules 902(11) and 803(6), the Government should be barred from admitting the exhibits.

### THE ABOVE EXHIBITS ARE INADMISSIBLE PER FRE 803(6) and 902(11)

Rule 803(6)(e) requires that the records must be <u>trustworthy</u>. Accuracy and precision are necessary to create any implication of trust. Here, the facially inaccurate and imprecise certifications detract from any trustworthiness of the attached documents – and any witness's ability to rely upon them to create an informed opinion.

The accuracy of records to be admitted without a foundational witness is a fundamental value expressed in the FREs. <u>See</u> *Certain Underwriters at Lloyd's v. Sinkovich,* 232 F.3d 200, 204-05 (4th Cir.2000) ("(B)usinesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful."). To allow the Government to submit records without an accurate and precise "complying" with certification would turn FRE 803(6) and 902(11) into rules without meaning.

Under the plain text of Rules 803(6) and 902(11), all requirements for admissibility must be met if a document is to be admitted into evidence. Rule 902(11) states that a custodian or other qualified witness must certify in the written declaration that the proffered document meets three requirements which are listed without ambiguity.

The fourth element is that which requires the affidavit of a custodian or other qualified witness. The necessity to satisfy all four requirements also finds expression in the decisional law. *See, e.g., United States v. Strother,* 49 F.3d 869, 874 (2nd Cir.1995) (holding that, while "the 'principal precondition' to admissibility is the sufficient trustworthiness of the record, the proffered record must meet all of the

4

requirements of the exception"). If the affidavit is facially invalid due to falsehood – whether willingly or negligently made – the affidavit has no purpose or value.

The first requirement of Rule 902(11) is that the declaration be made by "custodian or other qualified witness." This requirement is not overly exacting. As explained by a leading evidence treatise, "the certification has to be executed by a person who would be qualified to testify as a custodial or other foundation witness." 5 Weinstein's Federal Evidence, § 803.08[8][b] (2d ed.2004).

Here, because the certifications are so glaringly inaccurate and imprecise, the certifications cannot be considered analogous to a foundational witness. No witness would withstand a second of cross examination wherein they would have to claim 48 pages and 93 pages of documents are the same thing, that unspoken job duties allow them to certify documents, or that they have no idea how many documents are in fact being placed into evidence.

As the Government has failed to use the past two-and-a-half-years to obtain accurate record certifications – they should barred from admitting the exhibits listed above, or allowing any expert testimony based upon those exhibits, without first providing necessary foundational witnesses.

Dated this 20st day of February 2020.

ADAMS LAW GROUP LLC

By: *Dan Adams*

Daniel M. Adams
State Bar No. 1067564
1200 E. Capitol, Suite 360
Milwaukee, WI 53211
(414) 921-1945