UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                      Case No. 19-CR-0224

BRIAN WHITTON,

        Defendant.

---

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

---

After a four-day trial, a jury found Brian Whitton guilty of all five counts in the indictment filed against him arising out of the March 25, 2017 fire at The Stage Off Main tavern in Waukesha, Wisconsin. The charges included arson of a commercial building, in violation of 18 U.S.C. § 844(i); two counts of mail fraud, in violation of 18 U.S.C. § 1341; use of fire to commit mail fraud, in violation of 18 U.S.C. § 844(h); and making a false statement, in violation of 18 U.S.C. § 1001. Whitton filed a timely motion for relief under Rule 29(c) of the Federal Rules of Criminal Procedure.

As the Government notes, the burden on the defendant on a Rule 29 motion for acquittal is high, a "nearly insurmountable hurdle." *United States v. Torres-Chavez*, 744 F.3d 988, 993 (7th Cir. 2014). The question such a motion presents is "whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In deciding such a motion, not only must the court view the evidence in the light most favorable to the government, it must also defer to the credibility determination of the jury and overturn a

verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. *Id.* Whitton fails to meet that burden here.

Whitton first argues that he is entitled to acquittal on Count Four, the charge of using fire to commit a federal felony, in violation of 18 U.S.C. § 844(h), because there was no evidence of the specific intent required by the statute. He contends that the Government's theory that he used fire to commit the crime of mail fraud fails because there is no evidence from which the jury could conclude he intended to commit the crime of mail fraud at the time of the fire.

The evidence was sufficient to meet this element of the crime. The evidence presented showed that Whitton's plan to operate a bar in downtown Waukesha was failing as the income he was able to generate was insufficient to continue operations. His debts, both on the land contract he entered to acquire the building in which he operated his business, as well as his operating expenses, were growing, and the business showed no hope of turning around. The security videos in the tavern for the early morning on which the fire started showed Whitton going down to the basement where the fire started after closing for the night, and then coming up the stairs, removing all the cash from the drawers, and leaving the bar seconds before smoke appears. Shortly thereafter, he submitted his claim under his insurance policy and received several checks sent through the mail by his insurer totaling over $160,000. This evidence is sufficient to support the inference of intent needed to support the charge he used fire to commit mail fraud. Intent, by its very nature, is seldom susceptible to proof by direct evidence, and thus is in almost all cases proven circumstantially. Here, the Government presented strong evidence to support the inference that Whitton intended to use fire to commit mail fraud. For this reason, Whitton's argument as to Count Four fails.

Whitton next argues that the evidence was insufficient to support the jury's finding that he intentionally set the fire and thereby committed arson as charged in Count One.  Here, again, Whitton's argument fails.  The Government was able to show that the fire was ignited by stacking cardboard boxes against a gas space heater attached to a wall that was left running in the basement.  As noted above, Whitton was seen on the surveillance video going downstairs after closing just before he left and seconds before smoke became visible in the bar.  The evidence presented by the Government established that the boxes had not been in the area of the heater prior to Whitton going down the stairs after closing, thereby supporting the inference that he stacked them against the space heater before leaving.  Unfortunately for Whitton, a water pipe above the heater burst as the heat from the fire was building up and the escaping water extinguished the blaze before it could engulf the building and destroy the video evidence preserved by the surveillance cameras.  This evidence, together with evidence showing that the business was failing and Whitton's own inconsistent version of his activities immediately after the fire, was sufficient to support the jury's verdict.  While the evidence was circumstantial only because there was no camera in the basement, the evidence clearly showed Whitton's conduct and rendered incredible his claim that the fire was not intentional.

Whitton next argues that he is entitled to acquittal on Count Five, the charge of making a false statement, because no reasonable jury could find his statement to ATF Agent Ricky Hankins material. The Government presented evidence that Whitton told Agent Hankins that he left $600 in the cash register on the night of the fire.  Whether money was left in the cash register was material to the investigation, since fires can be used to cover up other crimes, such as burglary.  Such evidence is also are relevant to determining whether the owner intentionally set the fire, since a temptation would exist to remove valuables such as cash if one plans on setting a building

3

on fire. The fact that the surveillance video showed Whitton removing the money and that he later changed his story does not make his false statement less material. The jury was properly instructed on the element of materiality, and the parties argued their respective positions. The evidence was sufficient to support the jury's verdict. The motion is denied as to this count also.

Whitton next argues that mail fraud charges in Counts Two and Three are multiplicitous and thus violative of the Double Jeopardy Clause. In support of his argument, Whitton relies on *Blockburger v. United States*, 284 U.S. 299 (1932), where the Court set out the test for deciding when a single crime has been charged as two: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304.

As the Government points out, this argument is waived because it was not raised in a pretrial motion. *United States v. Muresanu*, 951 F.3d 833, 839 (7th Cir. 2020) ("Under Rule 12(b)(3)(B) an objection to 'a defect in the indictment' must be made 'by pretrial motion.'"); *see also United States v. Morgan*, 929 F.3d 411, 424–427 (7th Cir. 2019) (holding that defendant waived defense of double jeopardy by failing to object). But even on its merits, the argument fails. Each of the mail fraud counts relied on a separate check mailed on a separate day. As a result, each required proof of a fact which the other did not. In other words, the charges were not multiplicitous under *Blockburger* test.

Whitton's double jeopardy challenge to Count Four also fails. Whitton argues that conviction for both arson and using fire to commit a federal felony likewise violates the Double Jeopardy Clause. This argument, however, is foreclosed by *United States v. Xiong*, 595 F.3d 697, 699 (7th Cir. 2010), where the court rejected this same argument.

4

Finally, Whitton argues that he has suffered a trial penalty because he now faces a significantly longer prison sentence than the one the Government was offering to recommend prior to trial. Leaving aside the fact that a person who refuses to take responsibility for a crime stands in a different position than a person who pleads guilty and expresses remorse, this argument finds no support in the law. Whitton understood he was facing mandatory minimum penalties if convicted of two of the charges in the indictment, and nevertheless elected to proceed. The fact that the Government was willing to accept a plea to only one of those counts before trial does not necessarily mean that it thought a lesser punishment was sufficient. Both sides compromise their positions as part of plea negotiations. The court has no control over or right to participate in that process. Fed. R. Crim. P. 11(c)(1). The court cannot put Whitton in the position he would have been in had he entered a guilty plea instead of proceeding to trial.

In sum, none of the arguments asserted in the motion for judgment of acquittal under Rule 29(c) have merit. The motion must therefore be denied.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of April, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court