UNITED STATES DISTRICT COURT EASTERN DISTRICT OF
WISCONSIN MILWAUKEE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 19-CR-224

BRIAN WHITTON,

    Defendant,

## SENTENCING MEMORANDUM

### INTRODUCTION:

Brian Whitton, through counsel Eric S. Maciolek of Maciolek Law Group, requests that United States District Court for the Eastern District of Wisconsin, Honorable William C. Griesbach, presiding, impose a prison sentence of 15 years. While this sentence is not necessarily consistent with the sentencing factors enumerated in 18 U.S.C. § 3553(a), it is the statutory mandatory minimum penalty. Brian Whitton is 42 years old and has no criminal record.

Mr. Whitton maintains that he is innocent of the crimes of conviction. He does not agree with the jury's verdicts but does respect them. He understands that the court must impose sentence upon him. None of counsel's comments should be taken as any sort of admission of guilt by Mr. Whitton and he looks forward to the appellate process.

Pursuant to *United States v. Booker*, 543 U.S. 220, 245 (2005), the United States Sentencing Guidelines are "advisory," but the sentencing court is required to consider the factors listed in 18 U.S.C. § 3553(a) when imposing a sentence. *Booker*, 543 U.S. at 245. The court must impose a sentence that is sufficient but not greater than necessary to comply with the sentencing factors. Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the appropriate guideline range;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) - (7).

This statute gives the district court judge enormous discretion in crafting a sentence so long as the statutory sentencing factors are considered and applied. *United States v. Beier*, 490 F.3d 572, 574 (7th Cir.. 2007). "Although the guidelines are treated as advisory after Booker, the application of section 3553(a) is mandatory." *United States v. Miranda*, 505 F.3d 785, 791 (2007).

## I. The Nature of the Offense and Role in the Offense

The government proved to the jury that Mr. Whitton started a fire for financial gain – or rather to avoid financial ruin. By setting the fire, Mr. Whitton could rid himself of the financial burden of the bar. In all, Mr. Whitton personally received approximately $30,000 from an insurance company to compensate him for the damage to his bar. The jury was convinced that he tried to lie his way out of the situation by relating inconsistent information to law enforcement and he defrauded an insurance company.

It is important to comment on what this arson was not. The fire was not set to target a person or a group of people. There was no vengeful motive. There was no attempt to hurt anyone, nor was anyone accidentally injured. This was a property crime, not a violent one.

## II. The Need for the Sentence Imposed

Congress has decided that the crimes of conviction in this case must carry a

punishment of at least 15 years in prison. The mandatory minimum sentences in play here dwarf the recommended sentence suggested by a guideline calculation by a factor of 2 – 2.5. The guideline range suggests a term of imprisonment between 70 and 87 months. A sentence within the guideline range (or even lower) would provide specific and general deterrence, protect the public from future crimes, take into account Mr. Whitton's absolute lack of criminal history, his age, and the specific characteristics of the offense. However, 15 years is the floor. A sentence lower than fifteen years is simply not available to the court.

### A. Criminal History

Mr. Whitton has never been convicted of a crime. He has no juvenile record. He has no traffic record. He has never in his life been in any sort of trouble with the law. Other than his remand into custody after being found guilty in this case, he has never been arrested or spent any time in custody.

### B. The Kind of Sentences Available.

Mr. Whitton faces at least 15 years in prison due to the mandatory minimum penalties in Counts One and Four. He faces a maximum of 55 years incarceration and $1,000,000.00 in fines. Probation is statutorily unavailable.

### III. History and Characteristics

Mr. Whitton has no issue with the social history provided in the PSR. Despite the hardships that he has endured, Mr. Whitton appears to have developed into a genuine and respected member of the community. He is a dedicated father. He puts others' interests ahead of his own. He is caring, kind, and helpful. Everyone describes him as generous.

Counsel has provided character letters which describe Mr. Whitton as a trusted friend – someone to rely on. None believe that he is capable of the crimes for which he is being sentenced. The letters speak for themselves and describe Brian Whitton as a good person.

Mr. Whitton presents no alcohol or substance abuse issues. He is not a violent person. He does not appear to associate with criminals. While he lacks a robust education, that has not rendered him unemployable. He has been a part of the service and entertainment industry all his adult life. Brian Whitton does not appear to have

any significant character flaw.

### IV. The Need to Protect the Public from Further Crimes.

Mr. Whitton will be incapacitated in the prison system for at least 15 years. If the court imposes a sentence approximate to the mandatory minimum penalty, he will be in his mid to late fifties when released. If past behavior is a predictor of future behavior, Mr. Whitton will probably never commit another crime in his life.

### CONCLUSION

Fifteen years in prison is well beyond sufficient punishment for these crimes. Fifteen years is perhaps a quarter of the average person's adult life. Arson is certainly a scary and dangerous crime, but in this case, no one was injured. The property damage was moderate, not severe. Mr. Whitton has clearly made a positive impact on his family, friends, and associates during his 42 years in this world. It is a pity that a person like Brian Whitton faces a substantial federal prison sentence but he was found guilty after jury trial. We respectfully ask that the court impose the minimum allowable penalty because the minimum penalty is more than sufficient and greater than necessary to achieve the sentencing objectives but is the lowest available to the court.

Dated this 14th day of July, 2020

Respectfully submitted,

MACIOLEK LAW GROUP

/s/ Eric S. Maciolek
By: Eric S. Maciolek

Attorney for Brian Whitton
421 George Street #207
De Pere, WI 54115
608.556.3729
eric@macioleklawgroup.com

Wisconsin State Bar No. 1066200