UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                             Case No. 19-CR-224

BRIAN WHITTON,

      Defendant.

---

### ORDER DENYING MOTIONS FOR A SENTENCE REDUCTION, TO COMPEL, FOR EVIDENTIARY HEARING, AND OTHER RELIEF

---

On February 27, 2020, following a three-day trial, a jury returned a verdict finding Brian Whitton guilty of five separate offenses: Arson of a Commercial Building in violation of 18 U.S.C. § 844(i); two counts of Mail Fraud in violation of 18 U.S.C. § 1341; Arson to Commit a Felony in violation of 18 U.S.C. § 844(h); and Making False Statements in violation of 18 U.S.C. § 1001. Dkt. No. 38. Count One, Arson of a Commercial Building, carried a mandatory minimum term of five years in prison, and Count Four, Arson to Commit a Felony, carried a mandatory minimum ten years that was required to be served consecutively to any related count. On July 6, 2020, the court sentenced Whitton to the mandatory minimum term of fifteen years (sixty months on Counts One, Two, Three, and Five which ran concurrently with each other but consecutive to the one hundred twenty month sentence imposed as to Count Four). Dkt. No. 68.

On July 21, 2020, Whitton filed a Notice of Appeal. Dkt. No. 70. On May 21, 2021, the appeal was dismissed on Whitton's own motion pursuant to Fed. R. App. P. 42(b). Dkt. No. 85. Whitton then filed a Motion to Vacate his conviction under 28 U.S.C. § 2255 on July 14, 2021. Dkt. No. 86; Case No. 21-C-844. That motion was denied by Order issued on April 12, 2022.

Dkt. No. 9. Although the court granted a certificate of appealability (Dkt. No. 12), Whitton did not appeal. The case is now before the court on Whitton's motion to reduce his sentence pursuant to Part B, Subpart 1 to Amendment 821 to the United States Sentencing Guidelines, which now appears as U.S.S.G. §4C1. Dkt. No. 90. Whitton argues that, because he had no prior criminal record, he should have received a two-point reduction in his offense severity score, which would have reduced the Guidelines range for some of the offenses.

Whitton's motion is denied. Although his Guideline range for Counts Two, Three, and Five would have been reduced from 70-87 months to 57-71 months, his overall sentence would have remained the same. Because Counts Two, Three, and Five were ordered to run concurrent with Count One, for which he received a mandatory sixty months, they did not increase the overall sentence. Count Four, which carried the mandatory minimum one hundred twenty months that was required to run consecutive to any other sentence, would not have been reduced either. Thus, the fifteen-year sentence that Whitton received was the lowest sentence allowed by law, given the crimes he was found to have committed. Under these circumstances, his motion for a sentence reduction (Dkt. No. 90) must be denied.

Also before the court are Whitton's motions to compel and for an evidentiary hearing. Dkt. Nos. 92, 101. In his motion to compel, Whitton seeks a copy of the video recordings used at his trial. Of course, this evidence was provided to Whitton's attorney when the criminal proceedings against him were pending, and he is free to obtain the copy provided to his attorney. But his case is now completed and has been closed for five years. The Government has no obligation as part of its responsibilities in this case to provide discovery it has already provided. As for his motion for an evidentiary hearing, there is no case pending before the court that would warrant such a hearing. Whitton voluntarily dismissed his direct appeal and elected not to appeal the denial of

his motion to vacate his conviction under § 2255. If he believes he has discovered new evidence that is sufficient to call into question his conviction, he must seek leave to file a second motion for postconviction relief pursuant to 28 U.S.C. § 2255(h). This court has no jurisdiction to grant him relief as the case now stands.

In sum, Whitton's motion for sentence reduction (Dkt. No. 90), his motion to compel (Dkt. No. 92), and his motion for an evidentiary hearing (Dkt. No. 101) are denied. Whitton's motion to expedite decision (Dkt. No. 91) and his motion to set a deadline for the Government's response Dkt. No. 94) are denied as moot. The Government's motion to seal the attachment to its response (Dkt. No. 96) is granted.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of February, 2025.

_____
William C. Griesbach
United States District Judge