# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

  v.         Case No. 19-CR-224
             21-C-844

BRIAN WHITTON,

   Defendant.

## ORDER DENYING MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)

On March 5, 2020, a jury found Defendant Brian Whitton guilty of five separate offenses relating to the arson of his business, a bar located in Waukesha, Wisconsin, and he was sentenced to a total of fifteen years in prison. Crim. Dkt. Nos. 38, 68. Whitton filed a notice of appeal, but his appeal was voluntarily dismissed. Crim. Dkt. Nos. 70, 85. He then filed a motion to vacate his conviction under 28 U.S.C. § 2255. Dkt. No. 86; No. 21-C-844. That motion was denied on April 12, 2022. Civ. Dkt. No. 9. A certificate of appealability was granted, though it does not appear that an appeal was filed. Whitton later sought leave from the Court of Appeals to file a second or successive motion to vacate his conviction under 28 U.S.C. § 2255(h), but his motion was denied on July 2, 2025. Crim. Dkt. No. 105. The case is now before the court on Whitton's motion for relief from the previous judgment or judgments pursuant to Fed. R. Civ. P. 60(b) based on newly discovered evidence and/or fraud. Crim. Dkt. No. 116.

Whitton's motion is denied. Rule 60(b) cannot be used to circumvent 28 U.S.C. § 2255(h)'s proscription against second or successive motions to vacate a conviction. "A Rule 60(b) motion should be treated as a successive habeas petition if it 'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim on the merits.'" *Blitch v. United States*, 39 F.4th 827, 831 (7th Cir. 2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

That is precisely what Whitton is attempting to do here.  In fact, it appears he is seeking relief based on the same grounds he asserted in support of his motion for leave to file a successive motion under § 2255.  The Court of Appeals denied authorization stating, "none of these theories meet the requirements of §2255(h)".  Dkt. No. 105 at 2.

Absent approval from the Court of Appeals to file a second or successive motion for collateral review, this court is unable to entertain his filings.  Citing Rule 60(b) as a basis for relief does not change the result.  This court has no jurisdiction to grant the relief Whitton seeks.  His motion for relief under Fed. R. Civ. P. 60(b) (Dkt. No. 116) is therefore denied.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of June 2026.

_____
William C. Griesbach
United States District Judge